PER CURIAM.
The state appeals from a dismissal of one count in an information charging the defendant Gwendoline Johnson with aggravated assault with a deadly weapon. § 784.-021(l)(a), Fla.Stat. (1983). The trial court dismissed this count based on a sworn motion to dismiss filed pursuant to Fla.R. Crim.P. 3.190(c)(4). We affirm.
The material, undisputed facts, as stated in the motion to dismiss to which the state demurred, are extremely sketchy and woefully insufficient to establish that the defendant Johnson ever, in fact, committed a corpus delicti assault on one Officer Tubman, the alleged victim of the alleged assault in this case. It appears from the bare-bones motion that the defendant Johnson fired two shots from a firearm during a heated altercation with Mr. E.L. Gilbert, the father of the man the defendant was living with. The first shot apparently went away and concededly constituted no threat to Tubman. The second shot — and the only shot on which the alleged assault is based — was fired “in the direction of E.L. Gilbert.” No other description of the shot is given; there are no physical facts stated as to where the shot landed, by what distance it missed its intended target, or at what distance from Mr. Gilbert it was fired. Officer Tubman is described solely as “standing close tó E.L. Gilbert, within a foot of [Mr. Gilbert] at the time of the shots, behind Mrs. Gilbert’s new 1981 Cadillac Seville, diesel.” There is no indication given as to the distance between the defendant Johnson and Officer Tubman at the time of this shooting, by what distance the second shot missed Tubman, or whether Tubman was or should have been in fear during this incident. Indeed, there is no indication that the defendant Johnson and Officer Tubman were even aware of each other’s presence during the altercation in question, as the subject argument was solely between the defendant and Mr. Gilbert.
Given the sketchy nature of the sworn-to facts and given the state’s demurrer there *817 to in which it agreed, in effect, that those were the sole facts in the case, it is plain that the trial court had no alternative but to grant the motion to dismiss because the material, undisputed facts, as stated above, “do not establish a prima facie case of guilt against the defendant.” Fla.R.Crim.P. 3.190(c)(4). There are utterly no facts presented which establish that the defendant Johnson — quite apart from whether she intended to do so or not — committed, as charged, a “threat by word or act to do violence to the person of [Officer Tubman], coupled with an apparent ability to do so,” as well as “an act which create[d] a well-founded fear in [Officer Tubman] that such violence [was] imminent.” § 784.011(1), Fla.Stat. (1983), as incorporated by § 784.-021(l)(a), Fla.Stat. (1983). Plainly, there are no facts presented establishing any of these elements in the case at bar. Given this failure of proof, it is totally irrelevant whether the defendant’s criminal intent to assault E.L. Gilbert can be properly “transferred,” as urged by the state, to the alleged assault on Officer Tubman. The defendant never committed a corpus delicti assault on Officer Tubman to which the “transferred intent” could possibly attach.
Affirmed.